IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE L. AGUILAR SEPULVEDA<br>WILSON ARROYO CARDOZA<br>DOMINGO ARROYO SEDA<br>ERIC L. BLONDET VISSEPO<br>JUAN BONILLA TORO<br>RADAMES CASTILLO NEGRON<br>GIANNA FALLETTI RAMIREZ<br>RAUL FRANQUI MARTINEZ<br>MAYRA GONZALEZ MENDEZ<br>JOAQUIN GUERRA MELENDEZ<br>MARIA I. IRIZARRY CRUZ<br>CARLOS A. LUCIANO PABON<br>ELIS MALDONANDO RODRIGUEZ<br>EDSEL MARQUEZ MONTALVO<br>IGNACIO MATOS CINTRON<br>VICTOR MATOS DIAZ<br>CINDY MENDEZ TORRES<br>IRMA MERCADO LOPEZ<br>ELIDO PACHECO MARTINEZ<br>VANESSA PAGAN RODRIGUEZ<br>RAMON RAMIREZ PEÑA<br>WALTER L. RAMIREZ PEÑA<br>SARA I.RAMIREZ ACOSTA<br>JORGE L. RAMOS GONZALEZ<br>JORGE I. RODRIGUEZ ACOSTA<br>WILFREDO RODRIGUEZ IRIZARRY<br>ANGEL RODRIGUEZ MATOS<br>IVETTE RODRIGUEZ TORRES<br>CARLOS RUBIO SANTANA<br>NILSA RUBIO SANTANA<br>MARTA E. RUIZ FRANCO<br>ELEUTERIO SEDA TORRES<br>VICTOR TORRES ALMODOVAR<br>CARLOS A. TORRES TORRES<br>MARIA TERESA VARGAS DURAN<br>DAVID VELEZ MENDEZ<br><br>Plaintiffs | CIVIL NO.<br><br>CIVIL RIGHTS; DAMAGES<br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

v.

**ROBERTO RAMIREZ KURTZ**

Mayor of the Municipality of Cabo Rojo in his official and personal capacity.

**ANNISSA M. BONILLA IRIZARRY**

Director of the Human Resources Office of the Autonomous Municipality of Cabo Rojo; in her official and personal capacity.

**The Autonomous Municipality of Cabo Rojo.**

Defendants

# COMPLAINT

TO THE HONORABLE COURT:

Plaintiffs, through the undersigned attorneys, very respectfully state, aver and pray as follows:

1.      This is an action for compensatory and punitive damages, injunctive and equitable relief under the First and Fourteenth amendments to the Constitution of the United States of America, and Sections 1983 and 1988 of tittle 42 United States Code for the deprivation of Plaintiffs property rights without due process of law, the retaliatory reductions in plaintiffs working hours based on their political

beliefs, damages to their professional reputation and mental anguish and emotional damages caused to plaintiffs by defendants. The amounts claimed exceed $75,000.00

2. This Court has jurisdiction to entertain these claims pursuant to 28 U.SC.§1331, 28 U.S.C.§1343 and 42 U.SC.§1391.

3. The venue is proper in this district pursuant to 28 U.S.C §1391.

4. This case is a claim based on the violation of the Constitutional Protected Rights of all plaintiffs because of political discrimination. All defendants are affiliated to the Popular Democratic Party and hold positions of authority over plaintiffs in the Autonomous Municipality Government of Cabo Rojo. None of the plaintiffs are affiliated to the Popular Democratic Party. Plaintiff Aguilar Sepulveda, Arroyo Cardoza, Arroyo Seda, Blondet Vissepo, Bonilla Toro, Castillo Negron, Falleti Ramirez, Franqui Martinez, Gonzalez Mendez, Guerra Melendez, Irizarry Cruz, Luciano Pabon, Maldonado Rodriguez, Marquez Montalvo, Matos Cintron, Matos Diaz, Mendez Torres, Mercado Lopez, Pacheco Martinez, Pagan Rodriguez, Ramirez Peña, Ramirez Peña, Ramirez Acosta, Ramos Gonzalez, Rodriguez Acosta, Rodriguez Irizarry, Rodriguez Matos, Rodriguez Torres, Rubio Santana, Rubio Santana, Ruiz Franco, Seda Torres, Torres Almodovar, Torres Torres, Vargas Duran, Velez Mendez are affiliated to the New Progressive Party. Plaintiffs political affiliation was well known to all defendants. Defendants planed, directed, ordered, condoned, allowed, authorize and or executed individually and jointly adverse employment actions

against plaintiffs solely because they were affiliated to a political party other than the Popular Democratic Party and in the election held in November 2016 they supported a candidate for mayor of the Municipal Government of Cabo Rojo that ran against co- defendant Ramirez Kurtz.

### Plaintiff Jose L. Aguilar Sepulveda

5.   Plaintiff Jose L. Aguilar Sepulveda is of legal age and a resident of the Municipality of Cabo Rojo. Aguilar Sepulveda works as Accountant Assistant I and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Wilson Arroyo Cardoza

6. Plaintiff Wilson Arroyo Cardoza is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Arroyo works as Office Clerk and is a career employee. Plaintiff is affiliated to the New Progressive Party

### Plaintiff Domingo Arroyo Seda

7. Plaintiff Domingo Arroyo Seda is of legal age and a resident of the Municipality of Cabo Rojo. Domingo works as heavy equipment operator and is a career employee. Plaintiff is affiliated to the New Progressive Party

### Plaintiff Eric L. Blondet Vissepo

8. Plaintiff Eric L. Blondet Vissepo is of legal age and a resident of the Municipality of Cabo Rojo. Plaintiff Blondet Vissepo works as an Administrative

Assistant and is a career employee. Plaintiff is affiliated to the New Progressive Party

### Plaintiff Juan Bonilla Toro

9. Plaintiff Juan Bonilla Toro is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Bonilla Toro works as a heavy vehicle driver and is a career employee of the Municipal Government of Cabo. Plaintiff is affiliated to the New Progressive Party

### Plaintiff Radames Castillo Negron

10. Plaintiff Radames Castillo Negron is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Castillo Negron works as clerk and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff   Gianna Fallefi Ramirez

11. Plaintiff Gianna Fallefi Ramirez is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Fallefi Ramirez works as administrative Secretary and is a career employee. Plaintiff is affiliated to the New Progressive Party

### Plaintiff Raul Franqui Martinez

12. Defendant Raul Franqui Martinez is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Franqui Martinez works as administrative

assistant and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Mayra Gonzalez Mendez

13. Plaintiff Mayra Gonzalez Mendez is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Gonzalez Mendez works as registered nurse and is a career employee. Plaintiff is affiliated to the New Progressive Party

### Plaintiff Joaquin Guerra Melendez

14. Plaintiff Joaquin Guerra Melendez is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Guerra Melendez works as administrative assistant and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Maria I. Irizarry Cruz

15. Plaintiff Maria I. Irizarry Cruz is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Irizarry Cruz works as administrative secretary and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Joaquin Guerra Melendez

16. Plaintiff Joaquin Guerra Melendez is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Guerra Melendez works as administrative

assistant and is a career employee. Plaintiff is affiliated to the New Progressive Party

### Plaintiff Carlos A. Luciano Pabon

17. Plaintiff Carlos A. Luciano Pabon is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Luciano Pabón works as information systems technician and is a career employee. Plaintiff is affiliated to the New Progressive Party

### Plaintiff Elis Maldonado Rodriguez

18. Plaintiff Elis Maldonado Rodriguez is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Maldonado Rodriguez worked at the Municipal Government of Cabo Rojo as a transitory employee. Plaintiff is affiliated to the New Progressive Party

### Plaintiff Edsel Marquez Montalvo

19. Plaintiff Edsel Marquez Montalvo is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Marquez Montalvo works as administrative assistant and is a career employee. Plaintiff is affiliated to the New Progressive Party

### Plaintiff Ignacio Matos Cintrón

20. Plaintiff Ignacio Matos Cintrón is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Matos Cintron works as Heavy vehicle driver and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Victor Matos Diaz

21. Plaintiff Victor Matos Diaz is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Matos Diaz works as Information official and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Cindy Torres Mendez

22. Plaintiff Cindy Torres Mendez is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Torres Mendez works as Public document administrator and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Irma Mercado Lopez

23. Plaintiff Irma Mercado Lopez is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Mercado Lopez works as a cook and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Elido Pacheco Martinez

24. Plaintiff Elido Pacheco Martinez is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Pacheco Martinez works as Carpenter and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Vanessa Pagan Rodriguez

25. Plaintiff Vanessa Pagan Rodriguez is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Pagan Rodriguez works as administrative assistant and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Ramon Ramirez Peña

26. Plaintiff Ramon Ramirez Peña is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Ramirez Peña works as administrative assistant and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Vanessa Pagan Rodriguez

27. Plaintiff Vanessa Pagan Rodriguez is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Pagan Rodriguez works as administrative assistant and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Walter Ramírez Peña

28. Plaintiff Walter Ramírez Peña is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Ramírez Peña works as administrative assistant and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Sara I. Ramírez Acosta

29. Plaintiff Sara I. Ramírez Acosta is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Ramírez Acosta works as office clerk I and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Jorge L. Ramos Gonzalez

30. Plaintiff Jorge L. Ramos Gonzalez is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Ramos Gonzalez works as heavy vehicle driver and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Jorge I. Rodríguez Acosta

31. Plaintiff Jorge I. Rodriguez Acosta is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Rodriguez Acosta works as motor vehicle mechanic and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Vanessa Pagan Rodriguez

32. Plaintiff Vanessa Pagan Rodriguez is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Pagan Rodriguez works as administrative

assistant and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Wilfredo Rodriguez Irizarry

33. Plaintiff Wilfredo Rodriguez Irizarry is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Rodriguez Irizarry works as heavy vehicle driver and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Angel Rodriguez Matos

34. Plaintiff Angel Rodriguez Matos is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Rodriguez Matos works as accountability assistant I and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Ivette Rodriguez Torres

35. Plaintiff Ivette Rodriguez Torres is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Rodriguez Torres works as administrative assistant and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Carlos Rubio Santana

36. Plaintiff Carlos Rubio Santana is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Rubio Santana works as heavy equipment

operator and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Nilsa Rubio Santana

37. Plaintiff Nilsa Rubio Santana is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Rubio Santana works as a janitor and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Marta E. Ruiz Franco

38. Plaintiff Marta E. Ruiz Franco is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Ruiz Franco works as administrative assistant and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Eleuterio Seda Torres

39. Plaintiff Eleuterio Seda Torres is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Seda Torres works as heavy vehicle driver and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Victor Torres Almodovar

40. Plaintiff Victor Torres Almodovar is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Torres Almodovar works as heavy vehicle driver and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Carlos A. Torres Torres

41. Plaintiff Carlos A. Torres Torres is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Torres Torres works as typist clerk and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff Maria Teresa Vargas Duran

42. Plaintiff Maria Teresa Vargas Duran is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Vargas Duran works as Office clerk I and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Plaintiff David Velez Mendez

43. Plaintiff David Velez Mendez is of legal age and resident of the Municipality of Cabo Rojo. Plaintiff Velez Mendez works as a worker and is a career employee. Plaintiff is affiliated to the New Progressive Party.

### Defendant Roberto Ramirez Kurtz

44. Defendant Roberto Ramirez Kurtz is the Mayor of the Municipality of Cabo Rojo. He is of legal age a resident of the Municipality of Cabo Rojo. Defendant Ramirez Kurtz is the President of the Popular Democratic Party in Cabo Rojo.

### Defendant Annissa M. Bonilla Irizarry

45. Defendant Annissa M. Bonilla Irizarry is the Director of the Human Resources Office of the Autonomous Municipality of Cabo Rojo. She is of legal age

and a resident of the Municipality of Cabo Rojo. Defendant Bonilla Irizarry is an active member of the Popular Democratic Party.

46. All thirty six plaintiffs to this action were or are employees of the Municipal Government of Cabo Rojo that felt victims to defendants vicious, insensible, abusive and discriminatory practice. Plaintiffs were or are in positions for which political affiliation is not an appropriate requirement; none the plaintiff have a single complaint as to their work performance.

47. Defendants for the sole reason of discriminating against plaintiffs because they did not support defendant Ramirez Kurtz re- election as mayor for the city of Cabo Rojo, planned and executed the reduction in the working hours of plaintiffs using as pretextual reason and alleged shortage of available funds. This reason is false and pretextual since the budget of the Municipal Government of Cabo Rojo applicable at the time the reduction in the working hours (January 2017), was approved on April or May of 2016 and became effective on July 1$^{rst}$ 2016.Any shortage in incomes of the Municipal Government of Cabo Rojo was due to the re-assignment of funds to other programs and activities in detriment to the funds already approved for the 2016-2017 budget for plaintiffs salaries. During the first semester of the 2016-2017 budget the Municipal Government of Cabo Rojo incurred in unnecessary expenses that created an artificial shortage of funds. This was done for political reasons and with a deliberate purpose of creating a false and pretextual shortage of

funds in order to justify the reduction of hours of the plaintiffs, being the real reason punishing and retaliating plaintiffs for their support of the New Progressive Party in the 2016 elections in Cabo Rojo.

48. On May 11th 1998 the Municipal Government of Cabo Rojo approved ordinance 73 Series 1997-98 which authorize the plan to decree the unemployment or dismissal of Municipal Government Employees. The approval of this ordinance is a requirement of the Autonomous Municipality Law of Puerto Rico (Law 81of August 30 th 1991).

49. The general elections were held in Cabo Rojo and in Puerto Rico on November 8th 2016. Although defendant Roberto Ramirez Kurtz won his re- election in 2016 with a higher percentage of votes that the ones he obtained in the 2012 election, he received in the 2016 elections, 180 votes less than the ones he received in the 2012 election. Defendant Ramirez Kurtz publicly recriminated and blamed the Municipal Government of Cabo Rojo employees affiliated to the New Progressive Party for this reduction in the votes he received and publicly stated that he knew that the vast majority of the Municipal Government employees were members of the New Progressive Party, that he felt he was betrayed by the Municipal Government employees because he alleged that he was assure by said employees that they were going to vote for him in the Municipal ballot. It is of plaintiffs personal knowledge that defendant Ramirez Kurtz have publicly stated that he will either dismiss or he

was going to make their lives miserable, referring to the Municipal Government employees affiliated to the New Progressive Party, until they resign. Defendant Ramirez Kurtz publicly and privately stated that he needed to open space (referring to employment) for the members of his Popular Democratic Party that did support him. He has also stated that in the reduction of working hours probably some employees affiliated to the Popular Democratic Party will be affected but that they constitute a minority and that he will compensate them somehow later.

50. On December 14th 2016 the Municipal Legislature of Cabo Rojo with only the votes of the Municipal Legislators affiliated to the Popular Democratic Party approved ordinance 20 Series 2016-17 which authorize the Municipal Government of Cabo Rojo to implement the previously cited ordinance 73 Series 1997-98.

51. The Municipal Government of Cabo Rojo has the authority in accordance to the cited Law 81-1991 to reduce the working hours of its employees for valid reasons as it would be shortage of work and or reductions in the funds available. In the case of plaintiff the alleged shortage of funds is false and pretextual being the real reason the discrimination against plaintiff for not supporting defendant Ramirez Kurtz in the November 2016 elections.

52. On or around the 13th of January 2017 plaintiffs received the letters that were dated Januay 11th 2017. The letters dated January 26 were received on February 7th 2017. Said letters were signed by co- defendant Annissa Bonilla

Irizarry as Director of the Human Resources office. The letter informed plaintiff that their daily working hours will be reduce and the reason for ordering the reduction in the daily working hours was " the critical fiscal situation" of the Municipality. Co-defendant Bonilla Irizarry knew or should have known that such allegations were not true and that it was pretextual with a sole purpose of discriminating against plaintiffs because of their political affiliation and for not supporting co- defendant Ramirez Kurtz in the November 2016 elections.

53. As a result of illegal and adverse employment actions, defendant deprived plaintiff of a substantial portion of the funds with which they sustain their families and carry out their daily lives simply because plaintiffs favor, support and were affiliated with an opposing political party or a particular candidate for mayor of Cabo Rojo, affiliated to an opposing political party particularly the New Progressive Party and its candidates for mayor of Cabo Rojo.

54. Defendants actions against plaintiffs were illegal, as defendants carried them out while being fully aware, yet intentionally disregarding, of a clear and consistent longstanding case law from the Supreme Court of the United States of America, the United States Court of Appeals for the First Circuit, and this Honorable Court, repeatedly proscribing politically motivated adverse employment actions against government employees that occupy positions for which political affiliation is not an appropriate requirement.

55. Plaintiffs are entitled to damages for violation of their Constitutional Rights plus damages for their actual losses, and for their pain, suffering, anguish and humiliation.

56. Defendants, and each of them, have been obstinate in fomenting this litigation.

57. The present action is directed to all named defendants, in their official and personal capacity.

58.   An action by defendant Mayor Ramirez-Kurtz as the nominating authority of the Municipal Government of Cabo Rojo, constitutes the official policy of the Municipality and as such the Municipal Government of Cabo Rojo is liable to plaintiffs.

59. Pursuant to the provisions of 42 USC, Section 1988 plaintiffs, should they prevail on any issues herein, are entitled to reasonable attorneys' fees in this action.

### ABSENCE OF GOOD FAITH

60. The **Branti v. Finkel**, (445 U.S. 507), doctrine was well rooted.

61. Defendants in this case, nevertheless, under color of state law, decided to defy the Courts, knowing as they know, that by reducing the working hours of plaintiffs solely for their political affiliation to the New Progressive Party, constitutes a violation of plaintiff's constitutionally protected rights, Gomez v. Toledo, 446 U.S.

635, 640 (1980), , also, <u>Gutiérrez Rodríguez v. Cartagena</u>, 882 F.2d 553 (1st Cir. 1989).

## FIRST CAUSE OF ACTION

62.- Now appears plaintiffs, in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 61, with the same force and effect as if set forth at length herein.

63. Plaintiffs salary was reduced because of the illegal reduction in their working hours being the sole reason for said reduction a retaliation and political discrimination of defendants against plaintiffs for not supporting defendant Ramirez Kurtz as candidate for mayor for the Popular Democratic Party in Cabo Rojo in the November 2016 elections. This constitutes a violation of plaintiffs Constitutional Rights. It is a well-established legal doctrine that a violation of a Constitutional Right even for a minimum period of time constitutes an irreparable injury.

64. The damages caused to plaintiffs by defendants illegal violation of their Federally Protected Rights, are reasonably estimated in the amount of $1,000,000 per plaintiff.

## SECOND CAUSE OF ACTION

65- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 61, with the same force and effect as if set forth at length herein.

66.- As a result of defendants' actions, plaintiffs have suffered great mental anguish, grief, much anxiety, humiliation, pain and distress.

67.-The damages suffered by plaintiffs are evaluated in an amount not less than $1,000,000.00 per plaintiff. These damages were caused, and will continue to be caused, exclusively by the unconstitutional, illegal, negligent and tortuous acts and omissions of the defendants, rendering them jointly and severally responsible to plaintiffs for any award warranted for their damages.

## THIRD CAUSE OF ACTION

68.- Now appears plaintiffs in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 61, with the same force and effect as if set forth at length herein.

69. - Their acts show defendants did not act in good faith and punitive damages should be imposed on defendants jointly and severally which are reasonably estimated in $1,000,000.00 per plaintiff.

## FOURTH CAUSE OF ACTION

72. Now appears plaintiffs in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 61, with the same force and effect as if set forth at length herein.

73. Pursuant to Federal Rules of Civil Procedure Number 65, plaintiffs request that an order be issued against defendants in their official capacity, ordering them that the working hours that were reduced to plaintiffs be reinstated and that they be enjoined not to discriminate against plaintiffs in violation of their Constitutionally Protected Rights.

## TRIAL BY JURY

74. - A Trial by Jury is requested in all causes of actions.

**WHEREFORE**, plaintiff respectfully prays this Honorable Court to:

a.    Assume Jurisdiction of this action;

b.    Enter an Order granting a Preliminary and Permanent Injunction prohibiting, restraining and enjoining, the defendants, agents, or anyone acting in concert with them or pursuant to their orders; or, their successors in any representative capacity from violating any Constitutional Rights of the plaintiffs.

c. Enter an Order granting a Preliminary and Permanent Injunction ordering defendants, and each of them, or their agents and successors to reinstate plaintiffs working hours that they had before they were reduced.

d.      Grant plaintiffs damages and punitive damages against the defendants, and each of them, jointly and severely;

e.      Accept its pendent and ancillary jurisdiction over the parties and grant plaintiffs all their rights under the Constitution and Laws of the Commonwealth of Puerto Rico;

f.      Enter an Order granting plaintiffs reasonable attorney's fees, costs and pre-judgment interests;

g.      Grant such other and further relief that to this Honorable Court may deem just and proper.

In Aguadilla, Puerto Rico this 10th day of January 2018.

*S/ISRAEL ROLDAN-GONZALEZ*
**ISRAEL ROLDAN-GONZALEZ
USDC-PR No. 115602
49 Betances Street
Aguadilla, P.R. 00603
Tel. 891-1359, Fax 882-5000
irg@roldanlawpr.com**
